WDF Inc. v Turner Constr. Co. (2019 NY Slip Op 08379)





WDF Inc. v Turner Constr. Co.


2019 NY Slip Op 08379


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10388 450143/16

[*1] WDF Inc., Plaintiff-Appellant,
v
Turner Construction Company, Defendant-Respondent, New York University, et al., Defendants.


Pepper Hamilton LLP, New York (Ira M. Schulman of counsel), for appellant.
Peckar & Abramson, P.C., New York (Gregory H. Chertoff of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 26, 2018, as modified by order entered October 18, 2018, which, to the extent appealed from, granted defendant Turner Construction Company's motion for summary judgment dismissing the delay damages claim as against it with prejudice, unanimously affirmed, with costs.
Plaintiff subcontractor seeks delay damages in connection with a construction project for defendants New York University and New York University College of Nursing, Dentistry and BioEngineering, despite the fact that its subcontract with defendant Turner, the prime contractor on the project, contains a broad no-damages-for-delay clause. In opposition to Turner's motion for summary judgment dismissing the claim, plaintiff failed to raise an inference that the no-damages-for-delay clause is unenforceable (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309 [1986]).
This case is factually strikingly similar to another action brought by plaintiff seeking delay damages in connection with another construction project (WDF, Inc. v Trustees of Columbia Univ. in the City of N.Y., 170 AD3d 518 [1st Dept 2019]). In that case, we found that the allegations in plaintiff's proposed amended complaint established nothing more than "inept administration or poor planning," rather than the "bad faith or willful, malicious, or grossly negligent conduct" that brings a case within an exception to the rule that no-damages-for-delay clauses are enforceable (id. [internal quotation marks omitted]).
In this case, plaintiff's sole argument is that summary judgment is precluded by issues of fact raised by an internal Turner email assessing potential damages, which plaintiff contends constitutes a party admission of liability. It is apparent from the email that Turner was assessing the costs claimed by plaintiff, not the viability of plaintiff's claims under the terms of the subcontract, and, being an internal document, the email did not waive any of Turner's rights or raise any material issues of fact as to the viability of those claims. The fact that Turner evaluated whether plaintiff incurred delay damages is irrelevant to the enforceablity of the no-damages-for-[*2]delay clause. Plaintiff failed to present evidence that Turner engaged in "bad faith or willful, malicious, or grossly negligent conduct" or that any other exception to the rule applies to render the clause unenforceable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK